LLOYD, Plaintiff-Appellant, v. S. S. KRESGE COMPANY, d/b/a K-Mart, Defendant-Respondent.

Court of Appeals, District I

*No 77–359. Submitted on briefs July 5, 1978.— Decided August 16, 1978.*
(Also reported in 270 N.W.2d 423.)

For the appellant the cause was submitted on the briefs of *Marvin Resnick* and *Richard H. Hart, Jr.*, of Milwaukee.

For the respondent the cause was submitted on the briefs of *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee.

Before DECKER, C.J., CANNON, P.J., and MOSER, J.

MOSER, J.   The sole issue presented on this appeal is whether the trial court erred in granting defendant's motion for summary judgment.

The Supreme Court of Wisconsin has repeatedly stated the methodology which should be employed by the courts in determining whether the case before them should be disposed of by summary judgment procedure.

". . . That 'precise methodology' has been set out in *Marshall v. Miles* (1972), 54 Wis.2d 155, 160, 161, 194 N.W.2d 630, . . . as follows:

" 'Summary judgment is a drastic remedy that should not be granted where material evidentiary facts are in dispute, or, where reasonable inferences can be drawn from undisputed facts that would lead to alternative and opposite results. The summary-judgment procedure initially requires an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented. However, the allegations of the pleadings may not be considered as evidence or other proof on a disposition of the motion. Assuming a cause of action and the existence of factual issues, an examination is then made of the moving party's (defendant's) affidavits and other proof to determine whether a prima facie defense has been established. If the moving party has made a prima facie case for summary judgment, an examination is then made of the opposing party's (plaintiff's) affidavit and other proof to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial. The summary-judgment procedure is not a trial on affidavits.' " *Ricchio v. Oberst,* 76 Wis.2d 545, 550–551, 251 N.W.2d 781 (1977).

See also *Hammes v. First Nat'l Bank & Trust Co.,* 79 Wis.2d 355, 370, 255 N.W.2d 555 (1977) ; *Howard v. Village of Elm Grove,* 80 Wis.2d 33, 37, 257 N.W.2d 850 (1977).

Applying this methodology to the instant case, it is clear that the plaintiff's amended complaint states a cause of action for damages for injuries resulting from negligence. In order to constitute a cause of action in negligence there must exist: (1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury, and (4) an actual loss or damage as a result of the injury. *Coffey v. Milwaukee,* 74 Wis.2d 526, 531, 247 N.W.2d 132 (1976).

The amended complaint herein states that Lloyd, an invitee shopper, remained in the store vestibule rather

than go outside to wait for a ride home as she had a cold and felt ill; that store personnel told her she had to wait outside even though she advised them of her problems; that store personnel negligently insisted on Lloyd's waiting outside the building; and that as a direct and proximate result of such negligence she contracted a respiratory ailment and other injuries to her damage. The complaint meets the test of *Coffey v. Milwaukee, supra.*

The defendant contends that the trial court ruled as a matter of law that there was no duty of care in that the acts of the defendant's employees were such that there was no foreseeability of harm in ejecting the plaintiff from the premises. We do not have the advantage of a transcript of such ruling. We hold that a storekeeper is under a duty to his customer to render aid to the customer after he knows or has reason to know that the customer is ill or injured and to care for the customer until she can be cared for by others. Restatement (Second) of *Torts* sec. 314A (1965) states:

"314A **Special Relations Giving Rise to a Duty to Aid or Protect**
"(1) A common carrier is under a duty to his passengers to take reasonable action,
"(a) To protect them against unreasonable risk of physical harm, and
"(b) To give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others. . .
". . .
"(3) A possessor of lands who holds it open to the public is under a similar duty to members of the public who enter in response to its invitation."

The defendant's employees were informed of plaintiff's condition. Once an employee becomes aware of illness

of an invitee, the duty of care espoused in Restatement (Second) of *Torts* sec. 314A (1965) is applicable.

We believe that sec. 314A states a valid rule of law, one whose adoption is warranted by previous decisions of the Wisconsin Supreme Court.

█

The general rule of law which is applicable to the present case is stated in 65 C.J.S., *Negligence* sec. 63 (106) (1966):

"One who sees another in peril, for which he is in no way responsible and which is entirely disconnected from any agency or instrumentality with whose control he is concerned, is not under any legal obligation to attempt to rescue or assist such person, and he need not exercise care to protect such person against the hazards of the perilous situation. However, when some special relation exists between the parties, social policy may justify the imposition of a duty to *assist* or rescue one in peril." [Emphasis added.]

See also Restatement (Second) of *Torts* sec. 314 (1965); *Mercy Medical Center v. Winnebago County,* 58 Wis.2d 260, 266, 206 N.W.2d 198 (1973).

█

Section 314A defines some of those special relations giving rise to the affirmative duty to render assistance. We believe that there are two social policy considerations justifying imposition of the duty when the denominated relationships exist between parties.

First, when the relationship of passenger and carrier exists, the movement of the conveyance involved precludes the passenger from seeking out assistance from anyone other than his fellow passengers and the employees of the carrier. See *Lakeshore & M.S.R. Co. v. Salzman,* 52 Ohio St. 558, 565–566, 40 N.E. 891 (1895). However, this rationale has limited applicability to the relationship of storeowner and customer and we do not rely upon it.

We believe that the second social policy consideration, applicable to all "special relations" delineated in Sec. 314A, justifies the imposition of this affirmative duty on storeowners. The consideration is that of economic benefit. A storeowner has opened his property to the public in the hope of deriving some economic benefit from the response of the public to his invitation. Social policy dictates that the storeowner, who is deriving this economic benefit from the presence of the customer, should assume the affirmative duty stated in Sec. 314A. It is a cost of doing business. *Cf. Dippel v. Sciano,* 37 Wis.2d 443, 450, 155 N.W.2d 55 (1967).

Prior Wisconsin Supreme Court decisions have recognized that the operator of a conveyance who is deriving economic benefit from the presence of a passenger is under an affirmative duty to render assistance when the carrier knows or has reason to know that such assistance is necessary to avoid an unreasonable risk of harm to the passenger. *Flischman v. Holz,* 23 Wis.2d 415, 420, 127 N.W.2d 9 (1963) ; *Werner v. Chicago & N.W.R. Co.,* 105 Wis. 300, 305, 81 N.W. 416 (1900) ; *Hemingway v. Chicago, M. & St. P. R. Co.,* 72 Wis. 42, 47, 50, 37 N.W. 804 (1888).

Landowners are under a duty to exercise reasonable care to avoid creating an unreasonable risk of harm to visitors through active negligence. *Cermak v. Milwaukee Air Power Pump Co.,* 192 Wis. 44, 50, 211 N.W. 354 (1927) ; *Szafranski v. Raditzky,* 31 Wis.2d 119, 126, 141 N.W.2d 902 (1966). They owe this duty to all who are consensually upon their land whether they would have been classified as invitees or as licensees at common law. *Antoniewicz v. Reszczynski,* 70 Wis.2d 836, 857, 236 N.W.2d 1 (1975) ; *Clark v. Corby,* 75 Wis.2d 292, 298, 249 N.W.2d 567 (1977). Our holding today, consistent with the holdings of the Supreme Court cited above, im-

poses on landowners falling within the limits of Sec. 314A an analogous duty as to passive negligence.

We would add this caution, however. The standard against which the actions of the landowner/entrepreneur are to be measured is that of reasonability. Restatement (Second) of *Torts* sec. 314A, Comment *f* (1965) states:

"The defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered or is ill or injured. He is not required to take any action beyond which is reasonable under the circumstances. *In the case of an ill or injured person, he will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick man over to a physician, or to those who will look after him and see that medical assistance is obtained.* He is not required to give any aid to one who is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him all necessary assistance." [Emphasis added.]

Additionally, in determining the reasonability of the landowner's actions, one must weigh the likelihood of harm against the inconvenience and discomfort of other customers and employees.

The defendant further contends that there was no foreseeability of harm, and summary judgment was proper. We do not agree.

*A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis.2d 479, 484, 214 N.W.2d 674 (1974) established the duty of care owed by the defendant and the requirement of foreseeable harm:

"A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is

liable for unforeseeable consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs."

The amended complaint conforms to the standard of care prescribed by Restatement (Second) *Torts* sec. 314A (1965) and the defendant's duty prescribed by *A.E. Investment, supra.*

The second step under the "precise methodology" set forth in *Ricchio v. Oberst, supra,* is an examination of the affidavits. The answer of the defendant asserts an affirmative defense that the plaintiff was a trespasser on the defendant's premises. The defendant's affidavits state generally that a company rule allowed no cash registers to be closed until the last customer leaves the store, and that after several explanations to Lloyd of company rules and several requests to leave, Lloyd left the premises.

The defendant argues that Lloyd, while originally consensually upon the premises became a trespasser upon refusing to leave.

The right of a landowner to revoke consent given a person to come upon property is recognized in Wisconsin. Once consent is revoked, the person becomes a trespasser. *Brabazon v. Joannes Bros. Co.,* 231 Wis. 426, 433–435, 286 N.W. 21 (1939). Once a determination is made that the person is a trespasser, an owner of land ordinarily has only the duty to refrain from willful and intentional injury to a trespasser. *Antoniewicz v. Reszczynski, supra* at 842; *Szafranski v. Radetzky,* 31 Wis.2d 119, 125–126, 141 N.W.2d 902 (1966).

In this case the amended complaint and the affidavit of Lloyd state she felt ill and asked to stay inside the outer doors of the store while waiting for her ride. The answer asserts an affirmative defense of trespass, and

affidavits of the defendant state that repeated requests were made to Lloyd to leave. The affidavits further state the plaintiff did not appear to be ill, in distress, or otherwise disabled.

Whether Lloyd was an invitee or a trespasser, and whether K-Mart is liable to Lloyd for damages are determinations properly left for the trier of fact on remand.

Lastly, the respondent raises the issue that the plaintiff should be denied recovery on the grounds of public policy and cites *Rieck v. Medical Protective Company,* 64 Wis.2d 514, 517–518, 219 N.W.2d 242 (1974) in which case the supreme court stated:

"Even where the chain of causation is complete and direct, recovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden (in the case before us, upon physicians and obstetricians) ; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point."

The respondent does not advise which particular reason or reasons it is espousing but leaves it to this court to choose one or more. Because the facts have not yet been determined, we refuse to do so. We know from the facts in the complaint and affidavits that there are evidentiary pitfalls ahead for the plaintiff in order to establish negligence, causation, and damages, but that is the plaintiff's burden before a court or jury.

Because of this court's application of the Restatement (Second) of *Torts* sec. 314A (1965) and consideration of

the pleadings herein and the affidavits of both parties submitted in this case, all of which demonstrate that there are substantial issues in dispute, the defendants were not entitled to summary judgment. *Ricchio v. Oberst, supra.*

*By the Court.*—Judgment reversed and cause remanded for trial of the issues.