HAWPETOSS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 165. Argued June 3, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 823.)

For the plaintiff in error there was a brief by *Harry F. Peck* and *Hayes, Peck, Perry & Gerlach,* all of Milwaukee, and oral argument by *Harry F. Peck.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

BEILFUSS, J.   The sole issue presented on this appeal is whether there was sufficient credible evidence to support the defendant's conviction on the charge of theft from a person.

The defendant was charged with a violation of sec. 943.20 (1) (a) and (3) (d) 2, Stats.

Sec. 943.20, Stats., provides in part as follows:

"**Theft.** (1) Acts. Whoever does any of the following may be penalized as provided in sub. (3) :

"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.
". . .

"(3) Penalties. Penalties for violation of this section shall be as follows:

"(a) If the value of the property does not exceed $100, a fine of not more than $200 or imprisonment for not more than 6 months or both.
". . .

"(d) If the value of the property is less than $2,500 and any of the following circumstances exist, a fine of not more than $5,000 or imprisonment for not more than 5 years or both:
". . .

"2. The property is taken from the person of another or from a corpse; . . ."

The defendant does not dispute that he was guilty of the crime of theft. He concedes that he could be found guilty of the theft of a watch valued at $10. He does argue, however, that the evidence did not establish beyond a reasonable doubt that he was guilty of theft *from the person* so as to justify a substantially increased penalty pursuant to sec. 943.20 (3) (d) 2, Stats. Both the state and the defendant have taken the position that if this conviction is to be sustained it must be based upon a determination that the defendant was a party to a crime pursuant to sec. 939.05, either on a theory of conspiracy or on a theory of complicity, *i.e.*, aiding and abetting.

Sec. 939.05, Stats., provides:

"**Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the

person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

To constitute the offense of larceny from the person, not only must property be taken from the person of another but it must also be carried away or handled in one of the other manners prescribed by the statute with the requisite intent. In this case, Darlene LeRoy executed the first element by removing the watch from the person of Selvent. At this point it seems questionable whether it could be said that the offense had been committed since the element of asportation was absent. That element was ultimately accomplished by the defendant. Therefore it appears that neither one may actually be said to have executed the entire substantive crime of theft from the person for which the other may be held vicariously liable.

Within the general definition of a party to an offense is a person who is concerned in its commission in some affirmative manner. Aiding in the commission of an offense may include the performance of some act which

forms a part of the offense. It is stated at 22 C. J. S., *Criminal Law*, pp. 237, 238, sec. 79, that:

"It is a general rule under the common law that one is not liable for the criminal acts of another in which he did not participate directly or indirectly. A person is a party to an offense, however, if he either actually commits the offense or does some act which forms a part thereof, or if he assists in the actual commission of the offense or of any act which forms part thereof, or directly or indirectly counsels or procures any person to commit the offense or to do any act forming a part thereof. To constitute one a party to an offense it has been held to be essential that he be concerned in its commission in some affirmative manner, as by actual commission of the crime or by aiding and abetting in its commission and it has been regarded as a general proposition that no one can be properly convicted of a crime to the commission of which he has never expressly or impliedly given his assent. . . ."

With regard to the crime of larceny in particular, it is generally held that one may be guilty of larceny as a principal where the crime was incomplete until he contributed his aid in the asportation or taking possession of and removal of the stolen property. 52A C. J. S., *Larceny*, p. 487, sec. 58.

The elements of complicity, or aiding and abetting are that a person (1) undertakes conduct (either verbal or overt action) which as a matter of objective fact aids another person in the execution of a crime, and further (2) he consciously desires or intends that his conduct will yield such assistance.[1] The problem in this case would seem to be the question of whether Darlene LeRoy was engaged in the execution of a crime, or whether the defendant thought that she was. If the evidence established legitimate reasons why Darlene LeRoy removed Selvent's personal property and placed it on the table

---

[1] *State v. Nutley* (1964), 24 Wis. 2d 527, 129 N. W. 2d 155.

the defendant could not be guilty of larceny from the person because illegal physical detachment is necessary, and there is no evidence that the defendant removed the watch from Selvent's person. However, the defendant's own testimony negatives the existence of any such reasons, but instead raises the inference that he knew or believed that she was in the process of stealing Selvent's property from his person. The defendant testified that Darlene LeRoy kept "feeding" drinks to Selvent from a quart bottle of brandy, that he "got pretty drunk and started falling around," and that when he did not know what he was doing she "rolled" him by going through his pockets and removing items from his possession. From this testimony and the similar story related by Virginia La Ronge, coupled with Selvent's testimony that all of his personal items were missing when he regained consciousness, the trial court could properly conclude that Darlene LeRoy was in the act of committing a crime at the time she removed the watch from Selvent's person, and that the defendant was fully aware of this fact.

Once the fact of the commission of a crime and the defendant's awareness of that fact are established the two elements necessary to show complicity are satisfied. As to the first, defendant readily admits that he took Selvent's watch, and as a matter of objective fact this aided in the commission of a larceny from the person by supplying the necessary element of asportation. As to the second, defendant admits that he intended to take the watch, but denies that he intended to assist in taking it from Selvent's person. However, prior to defendant's taking the watch, it was still in Selvent's presence and he could have regained his senses and taken it back. It was only the act of defendant in carrying away the watch that completed the larceny from the person and the criminal objective realized. It is said that:

" 'It is a general rule, applicable in all criminal cases, including those where a specific intent is an element of the crime, that accused, if sane, is presumed to intend the necessary or the natural and probable consequences of his unlawful voluntary acts, knowingly performed.' 22 C. J. S., *Criminal Law*, p. 121, sec. 35; *State v. Vinson* (1955), 269 Wis. 305, 309e, 68 N. W. 2d 712, 70 N. W. 2d 1; *State v. Carlson* (1958), 5 Wis. 2d 595, 604, 93 N. W. 2d 354." *State v. McCarter* (1967), 36 Wis. 2d 608, 612, 153 N. W. 2d 527.

Though this rule is generally applied in different circumstances, the principal is applicable here. The defendant knew that Darlene LeRoy had removed the watch from Selvent's wrist with an apparent intent to steal it. He voluntarily took the watch and later pawned it in northern Wisconsin. The natural consequences of his unlawful act were to assist in the commission of a larceny from the person, and therefore it may be presumed that he intended to render such assistance in knowingly performing the act with an awareness of Darlene LeRoy's conduct. It is our opinion that there is ample credible evidence to support the conviction of the defendant for "theft from the person" upon the premise that he intentionally aided and abetted in the commission of the crime.

As to the second theory, a conspiracy to commit the crime of theft from the person, two elements are necessary: (1) An agreement among two or more persons to direct their conduct toward the realization of a criminal objective; and (2) each member of the conspiracy must individually consciously intend the realization of the particular criminal objective. The fact of agreement or a conspiracy to commit a crime may be proved by circumstantial evidence. *State v. Nutley, supra; Gelosi v. State* (1934), 215 Wis. 649, 654, 255 N. W. 893.

There is no direct evidence in this record to establish an agreement or conspiracy, and none of the circum-

stances of the event alone is of sufficient weight in showing an agreement. However, the state contends that taking the events and circumstances of the day as a whole provide sufficient evidence to support the inferences necessary for such a finding. It argues that the initial meeting of Selvent in the morning was not coincidental but must have been planned, and that Virginia La Ronge's statement that she had been ejected by her mother and wanted to rent an apartment, though she denied making such a statement at the trial, was merely a ruse to get Selvent to a convenient location where he could be "rolled." It goes on to argue that Selvent's testimony that he passed out after drinking a soft drink given to him by La Ronge, though both defendant and La Ronge testified that he had been drinking heavily, raises the inference that the soft drink was drugged, and the fact that he regained consciousness in the bathtub indicates that defendant must have carried him there. Finally, it argues that since defendant watched Darlene LeRoy remove several articles from Selvent and yet took only the watch, an inference may be drawn of an agreement to divide the spoils of the crime, and that the fact that defendant drove Selvent's car up north where he changed the license plates also raises the inference of a preplanned crime.

The circumstantial evidence relied upon need not show any express agreement between the parties, a mere tacit understanding of a common purpose is sufficient. *O'Neil v. State* (1941), 237 Wis. 391, 404, 296 N. W. 96. While the evidence of conspiracy does not make as strong a case as the evidence of aiding and abetting, it is our opinion that the evidence is sufficient to support the inferences argued by the state and a conviction upon the ground of conspiracy.

From our review of the record we believe the evidence is sufficient to sustain the conviction of theft from the

person on either theory and that the judgment should be affirmed.

*By the Court.*—Judgment and order affirmed.