STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael WEST, Defendant-Appellant.†

Court of Appeals

*No. 96–2431–CR. Submitted on briefs June 3, 1997.—Decided October 28, 1997.*

(Also reported in 571 N.W.2d 196.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Brian Findley*, deputy first assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

CURLEY, J.   Michael West appeals from a judgment of conviction entered after he pled guilty to two counts of conspiracy to commit insurance fraud, contrary to §§ 939.31 and 943.395(1)(a), (2)(a) and (2)(b), STATS.,[1] and one count of obstructing or resisting an

---

[1] The judgment of conviction lists count one as a violation of §§ 939.31 and 943.395(1)(a) and (2)(a), STATS., but lists count

officer, contrary to § 946.41(1), Stats. On appeal, West challenges only his conviction on the two counts of conspiracy to commit insurance fraud. West argues that he should be allowed to withdraw his plea to the first conspiracy count because there was no factual basis for his plea. West also argues that he should be allowed to withdraw his plea to the second conspiracy count because the trial court lacked subject matter jurisdiction, and because there was no factual basis for his plea.

The first conspiracy count, listed as count one in the complaint, charges West with conspiracy to commit insurance fraud, and relates to West's filing a false insurance claim on November 9, 1994, while he was located in the state of Wisconsin. While there is evidence that West filed a false insurance claim on that date, there is no evidence that West committed the crime of conspiracy; namely, that West entered into an agreement with at least one other individual who also intended to file the false claim. Therefore, there was no factual basis to support West's plea and, as to count one, we reverse the judgment of conviction and remand the matter to the trial court with directions to allow West to withdraw his plea.

The second conspiracy count, listed as count three in the complaint, also charges West with conspiracy to commit insurance fraud, but relates to actions which West took later in November 1994, while he was located in the state of Illinois. West argues that the

three as a violation of only § 939.31. The original complaint, and other documents in the record, describe count three as a violation of §§ 939.31 and 943.395(1)(a) and (2)(b). We conclude that the discrepancy found in the judgment of conviction is an error, and that the judgment of conviction should be amended accordingly.

trial court lacked subject matter jurisdiction with regard to this count, because the requirements of § 939.03, STATS., were not met. Section 939.03 actually relates to personal jurisdiction over a criminal defendant, and therefore, West is actually arguing that the trial court lacked personal jurisdiction. However, because West pled guilty, he has waived all objections to the trial court's personal jurisdiction. With respect to the factual basis for count three, there is evidence that West conspired with at least one other individual to commit insurance fraud in Illinois. Therefore, there was a factual basis for West's guilty plea to count three, and the remainder of the judgment is affirmed.

## I. BACKGROUND.

On June 30, 1995, a complaint was filed charging West with three separate counts. Counts one and three charged West with conspiracy to commit insurance fraud, and count two charged West with obstructing or resisting an officer. With respect to count one, the complaint states that on November 2, 1994, Milwaukee Police Officer Jack Wotnoske responded to a personal injury accident at 3110 North Sherman Boulevard, in the city of Milwaukee. Upon arrival, Officer Wotnoske spoke with a person who identified himself as Michael Dyson. Dyson told Wotnoske that a woman named Esther Davis backed into him with her car as she was leaving the gas station. Dyson was later identified as West.

The complaint states that Investigator Diane Stutika spoke with Esther Davis, who said that on November 2, 1994, she was at a gas station on Sherman Boulevard and Burleigh Street in Milwaukee. Davis stated that, after paying for gas, she began backing up her car to leave the station. While she was backing up,

a man stepped out from the island near the back of her car and began to wave his arms and yell, "You hit me." Davis stated that she was positive she had not hit the man. She stated that the man said that his thigh hurt, and that he was going to get insurance money. Davis then gave the man her insurance information. The investigator showed Davis a photo array containing a photograph of West, and she positively identified West as the man who said that she hit him.

On November 9, 1994, a person calling himself Michael Dyson filed a claim with Allstate Insurance for injuries received as a result of an accident with Davis. On November 11, 1994, Allstate received a letter from Attorney Stephen Strnad, who indicated that he was representing Dyson and would be demanding settlement.

On March 23, 1995, an insurance investigator for Allstate Insurance received a collect call from a person identifying himself as Dyson. Dyson claimed that he was in a halfway house in Chicago and said that he wanted to settle his claim. The investigator later discovered that Dyson's call came from the DuPage County Jail, located in DuPage County, Illinois. On March 23, 1995, West was in custody in the DuPage County Jail.

With respect to count three, the complaint states that on November 14, Allstate received a call from a person claiming to be Terry Davis. Terry Davis said that he hit a parked car while he was driving Esther Davis's car with her permission. Allstate called Esther Davis, and she said that at the time of Terry Davis's alleged accident, she was in Milwaukee and had not given anyone permission to use her car. Next, a person using the name of Patrick Gentry went into an Allstate office in Chicago, claiming that he had been in an acci-

dent with a car owned by Esther Davis. On November 15, 1994, Gentry returned to Allstate with the vehicle and a person later determined to be West. Due to Gentry's failure to carry any identification, he was not given a check. Later, a man named Lavell Smythe called Allstate and confessed that he had used the false name of Patrick Gentry in order to obtain a fraudulent settlement. Smythe stated that he had fixed West's car, and that West offered to pay him thirty dollars if he brought the car to Allstate and claimed he was Patrick Gentry.

Before trial, West made a motion challenging the court's personal jurisdiction under § 939.03, STATS. The motion was denied, and West pled guilty to count one and count three of the complaint. The trial court found that a factual basis existed for West's plea to both counts one and three. West was sentenced and now appeals.

## II. ANALYSIS.

*A. Count One: Sections 939.31 and 943.395(1)(a) & (2)(a), STATS.*

Before a trial court can accept a guilty plea, it must personally determine that the conduct which the defendant admits constitutes the offense to which the defendant has pleaded guilty. *See State v. Johnson*, 200 Wis. 2d 704, 708, 548 N.W.2d 91, 93 (Ct. App. 1996), *aff'd*, 207 Wis. 2d 240, 558 N.W.2d 375 (1997). A trial court's failure to establish a factual basis for the defendant's plea is evidence that a manifest injustice has occurred, warranting withdrawal of the plea. *See id.* at 709, 548 N.W.2d at 93. We will only reverse a trial court's determination that there was a sufficient fac-

tual basis for accepting a plea if that finding was clearly erroneous. *See id.* In this case, the trial court determined that a factual basis existed for West's plea to count one of the complaint. Because no evidence of a conspiracy with respect to count one was presented to the trial court, we conclude that the trial court's finding was clearly erroneous, and reverse that portion of the judgment.

Both count one and count three of the complaint charged West with conspiracy to commit insurance fraud. The two counts were separate and distinct, however, in that they exposed West to different penalties, and related to different acts of insurance fraud. Count one charged West with a Class A misdemeanor[2] and related to his filing of a false insurance claim, presumably worth less than $1,000,[3] on November 9, 1994, while located in the state of Wisconsin. Count two charged West with a Class E Felony[4] and related to different actions which West, and others, took later in November 1994, while located in the state of Illinois.

---

[2] Count one charged West with a violation of § 943.395(2)(a), STATS. That statute reads, "**(2)** Whoever violates this section: (a) is guilty of a Class A misdemeanor if the value of the claim or benefit does not exceed $1,000."

[3] The record does not reveal the value of the insurance claim which West filed on November 9, 1994. We presume that West was charged with a Class A misdemeanor because the State believed that his false claim was worth less than $1,000.

[4] Count three charged West with a violation of § 943.395(2)(b), STATS. That statute reads, "**(2)** Whoever violates this section: (b) is guilty of a Class E felony if the value of the claim or benefit exceeds $1,000."

Both count one and count three charged West with conspiracy to commit insurance fraud, contrary to § 939.31, STATS. Section 939.31 reads, in relevant part:

> **Conspiracy.** . . .[W]hoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime.

Thus, according to § 939.31, the elements of the crime of conspiracy are: (1) an agreement between the defendant and at least one other person to commit a crime; (2) intent on the part of the conspirators to commit the crime; and (3) an act performed by one of the conspirators in furtherance of the conspiracy. Wisconsin case law also sets out the elements of the crime of conspiracy. *See Hawpetoss v. State*, 52 Wis. 2d 71, 80, 187 N.W.2d 823, 827 (1971) (The elements of conspiracy are: "(1) [a]n agreement among two or more persons to direct their conduct toward the realization of a criminal objective; and (2) each member of the conspiracy must individually consciously intend the realization of the particular criminal objective.").[5] Importantly, both § 939.31 and *Hawpetoss* require an agreement between at least two people to prove a conspiracy. Wisconsin cases have repeatedly affirmed this principle. *See State v. Smith*, 189 Wis. 2d 496, 501, 525 N.W.2d 264, 266

[5] The statement of the elements of conspiracy found in *Hawpetoss v. State*, 52 Wis. 2d 71, 80, 187 N.W.2d 823, 827 (1971), differs somewhat from the language of current § 939.31, STATS., in that *Hawpetoss* does not require an act in furtherance of the conspiracy. This difference is not relevant for the purpose of this appeal.

(1995) (A conspiracy must involve at least two people, with each member subject to the same penalty for the conspiracy.), and *Augustine v. Anti-Defamation League of B'Nai B'Rith*, 75 Wis. 2d 207, 216, 249 N.W.2d 547, 552 (1977) (To show a conspiracy, at a minimum there must be facts that show some agreement, explicit or otherwise, between the alleged conspirators on the common end sought.).[6] Therefore, unless West entered into an agreement with at least one other person, the purpose of which was to file the false insurance claim on November 9, 1994, there was no factual basis for his plea of guilty to count one.

West argues that there is no evidence that he conspired with another person to file the false insurance claim. The State, in its appellate brief, does not contest West's claim, and instead, relies entirely on an argument involving *State v. Harrell*, 182 Wis. 2d 408, 419, 513 N.W.2d 676, 680 (Ct. App. 1994), which states that, in some situations involving plea agreements, we will reject challenges to pleas, even if they lack a factual basis. *See id.* at 419, 513 N.W.2d at 680. Although under *Charolais Breeding Ranches, Ltd. v. FPC Securities*, 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979), we may view this as an admission by the State that there was no factual basis for West's plea to count one, we have chosen to examine the evidence. After reviewing the record, we conclude that there was no evidence before the trial court, either in the complaint,

---

[6] *See also* WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW, § 6.4(d) at 70–71 (1986) ("The agreement is all-important in conspiracy . . . [a]s courts have so often said, the agreement is the "essence" or "gist" of the crime of conspiracy."), *citing, inter alia, Ianneli v. U.S.*, 420 U.S. 770 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act.").

the information, or the preliminary hearing testimony, that anyone but West was criminally involved in filing this insurance claim.

The complaint states that on November 2, 1994, police responded to an accident report at 3110 North Sherman Boulevard. The police spoke with a person named Michael Dyson, who was later identified as the defendant, Michael West. The police also spoke with Esther Davis, who stated that, as she was backing up her car, West began shouting that she had hit him. Next, on November 9, 1994, a person identifying himself as Michael Dyson filed a claim with Allstate Insurance. On November 11, 1994, Allstate received a letter from Attorney Strnad demanding a settlement. Finally, on November 14, 1994, and on March 23, 1995, Allstate received phone calls from "Michael Dyson" asking about his claim.

There were no allegations in the complaint or at the preliminary hearing that Attorney Strnad agreed or conspired with West to file a false claim. West, in his appellate brief, claims that Attorney Strnad did not intend to commit a crime, but rather, believed he was filing a legitimate claim. The State has not attempted to refute that claim, and therefore, we view it as admitted. *See id.* Thus, we conclude that there was no evidence that Attorney Strnad agreed with West to commit insurance fraud.

The complaint states that after West began telling Davis that she hit him, Davis stated that "at this time a man and a woman got out of a car and approached her and became belligerent." There is no other reference in the complaint to these two individuals, nor were they mentioned during any of the State's witnesses' testimony at the preliminary hearing. Officer Wotnoske, who responded to the scene and wrote the police report,

478

testified that he did not recall taking any statements from anyone else at the scene other than Davis and West. During the preliminary hearing, the State did not question Davis about these two individuals, and Davis did not mention either of them during her testimony. There is simply no evidence in the record concerning these two allegedly belligerent individuals that could show whether they had any connection to Davis or to the fake accident at the gas station. Thus, we conclude that there was no evidence that these two individuals agreed with West to commit insurance fraud.

Finally, there is evidence that West, later in November 1994, entered into an agreement with Lavell Smythe to commit insurance fraud in Illinois. That evidence, however, does not show that West conspired with Smythe, or anyone else, earlier in November 1994, to file the false insurance claim in Wisconsin. A conclusion that West conspired with Smythe earlier in November, based solely on the fact that he later conspired with Smythe, would amount to pure speculation.[7]

---

[7] As previously noted, the State fails to argue on appeal that there was any evidence that West conspired with anyone to file the false claim. At the preliminary hearing, however, the State presented testimony from an Allstate Insurance Company claims investigator who claimed that West had worked with others in the past to commit insurance fraud. This witness had no personal knowledge of any evidence, direct or circumstantial, that West acted in cooperation with any other individual when filing the particular false insurance claim which formed the basis for count one. Therefore, his testimony was also not evidence that West had committed the conspiracy alleged in count one.

Lavell Smythe, the two anonymous individuals, and Attorney Strnad are the only people mentioned in the record who could have even possibly conspired with West to file his false insurance claim. Since there was no actual evidence that any of these individuals agreed with West to file the false claim, we conclude that there was no factual basis for West's plea of guilty to count one.

The State argues that we should apply *Harrell* and uphold West's plea even though it lacked a factual basis. In *Harrell*, we held that "in a plea bargain context" we will reject a claim for lack of a factual basis "if . . . a factual basis is shown for either the offense to which the plea is offered or to a more serious charge reasonably related to the offense to which the plea is offered." *Harrell*, 182 Wis. 2d at 409, 513 N.W.2d at 680. In this case, a factual basis does exist for a charge of filing a false insurance claim, contrary to § 934.395, STATS. Therefore, the State argues that, because the charge of filing a false insurance claim and the charge of conspiracy to file a false insurance claim are reasonably related, *Harrell* requires us to reject West's claim. *Harrell*, however, only applies when the reasonably related charge is "more serious" than the offense to which the plea is offered. *See id.* In this case, a charge of insurance fraud, contrary to § 943.395(1)(a) and (2)(a), STATS., is not more serious than a charge of conspiracy to commit insurance fraud, contrary to §§ 939.31 and 943.395(1)(a) and (2)(a), STATS. In fact, the maximum penalties for both charges are exactly the same. *See* § 939.31. Therefore, *Harrell* does not apply.

In conclusion, because there is no evidence that West committed the crime of conspiracy to commit

insurance fraud with respect to count one, and because *Harrell* does not apply, there was no factual basis for West's plea of guilty to count one. Without such a factual predicate, West has established by clear and convincing evidence that plea withdrawal is "necessary to correct a manifest injustice." *See State v. Harrington*, 181 Wis. 2d at 985, 989, 512 N.W.2d 261, 263 (Ct. App. 1994). Therefore, we conclude that the trial court erroneously exercised its discretion, and we reverse that portion of the trial court's judgment and remand with directions to allow West to withdraw his plea to count one.

B. *Count Three: Sections 939.31 and 943.395(1)(a) & (2)(b), STATS.*

West also claims that he should be allowed to withdraw his plea to count three of the complaint because the trial court lacked subject matter jurisdiction, and because there was no factual basis for his plea. West confuses subject matter jurisdiction with personal jurisdiction. Criminal subject matter jurisdiction is the power of the court to inquire into the charged crime, to apply the applicable law and to declare the punishment. *See State v. Webster*, 196 Wis. 2d 308, 316, 538 N.W.2d 810, 813 (Ct. App. 1995). A circuit court's jurisdiction over criminal matters is derived from Article VII, Section 8 of the Wisconsin Constitution[8] and

---

[8] WISCONSIN CONST. art. VII, § 8 (amended 1977), provides:

Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction.

§ 753.03, STATS.[9] *See id.* A circuit court lacks criminal subject matter jurisdiction only where the complaint does not charge an offense known to law. *See id.* at 317, 538 N.W.2d at 813. Count two of the complaint charges West with conspiracy to commit insurance fraud. Conspiracy to commit insurance fraud is clearly an offense "known to law." Therefore, the trial court had subject matter jurisdiction.

Although on appeal West claims to challenge the trial court's subject matter jurisdiction, West's arguments at trial and on appeal all reference § 939.03, STATS.[10] Section 939.03, however, deals with personal, rather than subject matter, jurisdiction. *See State v.*

---

[9] Section 753.03, STATS., provides:

The circuit courts have the general jurisdiction prescribed for them by article VII of the constitution and have power to issue all writs, process and commissions provided in article VII of the constitution or by the statutes, or which may be necessary to the due execution of the powers vested in them. The circuit courts have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; and they have all the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and the full and complete administration of justice, and to carry into effect their judgments, orders and other determinations, subject to review by the court of appeals or the supreme court as provided by law. The courts and the judges thereof have power to award all such writs, process and commissions, throughout the state, returnable in the proper county.

[10] Section 939.03, STATS., reads:

**Jurisdiction of state over crime. (1)** A person is subject to prosecution and punishment under the law of this state if:

(a)   The person commits a crime, any of the constituent elements of which takes place in this state;

(b)   While out of this state, the person aids and abets, conspires with, or advises, incites, commands, or solicits another to commit a crime in this state; or

*Smith*, 131 Wis. 2d 220, 239–40, 388 N.W.2d 601, 610. (1986). Therefore, we conclude that West is actually challenging the trial court's personal jurisdiction. But by pleading guilty, West has waived his right to object to personal jurisdiction on appeal. *See Godard v. State,* 55 Wis. 2d 189, 190, 197 N.W.2d 811, 812–13 (1972) *and Belcher v. State,* 42 Wis. 2d 299, 302–10, 166 N.W.2d 211, 215–17 (1969). Therefore, we decline to address his argument concerning the trial court's personal jurisdiction.

In addition to his jurisdictional challenge, West argues that he should be allowed to withdraw his plea to count three of the complaint because that plea lacked a factual basis. Count three related to acts which West, and others, took later in November 1994, in violation of § 943.395(1)(a) and (2)(b), STATS. The trial court found that there was a factual basis for West's plea to count three. We will only reverse the trial court's determination if there was no evidence before the trial court that West conspired with at least one other person to commit those acts of insurance fraud. There obviously was evidence before the trial court that West agreed with Lavell Smythe to commit insurance fraud by fraudulently presenting a vehicle for a damage adjustment at the Illinois Allstate Insurance Company office on November 15, 1994. In fact, while arguing in his brief that the court lacked jurisdiction, West admits that he conspired to file a false

---

(c)  While out of this state, the person does an act with intent that it causes in this state a consequence set forth in a section defining a crime; or

(d)  While out of this state, the person steals and subsequently brings any of the stolen property into this state.

(2)  In this section "state" includes area within the boundaries of the state, and area over which the state exercises concurrent jurisdiction under article IX, section 1, of the constitution.

insurance claim with respect to count three. Therefore, we conclude that there was a factual basis for that plea.

In conclusion, because West, by pleading guilty, waived his right to object to the trial court's personal jurisdiction, and because there was a factual basis for his plea to count three, we affirm the remainder of the trial court's judgment.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.