PER CURIAM.
¶1 Felix Deonte Willis appeals from an order denying his postconviction motion to withdraw his guilty plea to one of two crimes of which he was convicted. He argues that he should be allowed to withdraw his guilty plea to that crime because his plea was not knowingly, intelligently, and voluntarily entered. We reject his arguments and affirm.
BACKGROUND
¶2 Willis was charged with two counts of delivery of a controlled substance (heroin, three grams or less) for incidents that occurred on September 4, 2014, and September 18, 2014. See WIS. STAT. § 961.41(1)(d)1. (2013-14).[1] According to the criminal complaint, law enforcement officers asked a confidential informant to contact Willis and arrange to purchase drugs. Willis sold the confidential informant heroin on September 4, 2014, which resulted in the first criminal charge (Count 1).
¶3 Count 2-the charge at issue on appeal-alleged that Willis was liable as a party to a crime. See WIS. STAT. § 939.05 (a party to a crime is a person who: "[d]irectly commits the crime," "[i]ntentionally aids and abets the commission of it," or "[i]s a party to a conspiracy with another to commit it"). The complaint alleged that the confidential informant arranged to meet Willis in a store parking lot to purchase drugs. The complaint continues:
The investigating officers observed a silver Nissan Murano pull into the parking lot ... and park next to [the confidential informant's] vehicle.
[The officers] advanced toward the Nissan in undercover police vehicles in an attempt to "box in" the target. The investigating officers observed the Nissan reverse and then advance in an apparent attempt to escape. The Nissan rammed into the front driver's side bumper of one of the unmarked cars. By this point, several of the investigating officers had exited their vehicles, and were ordering the Nissan to stop with firearms drawn. One of the investigating officers used a metal tool to smash the Nissan's driver's door window. The Nissan then stopped and the defendant was removed from the driver's seat.
Officers seized heroin from the driver after he removed it from his pants.
¶4 The complaint identified Willis as the driver who was pulled from the car. It also identified another man who was sitting in the front passenger seat, but he was not charged with a crime. Finally, the complaint noted that with respect to this count of delivery of a controlled substance, the complainant was aware "that [ WIS. STAT. ] § 961.01(6) defines 'deliver' and 'delivery' as 'the actual, constructive or attempted transfer from one person to another of a controlled substance.' " See id. (emphasis provided in complaint).
¶5 Willis accepted a plea agreement that required him to plead guilty as charged. The State agreed to recommend a global sentence of thirty months of initial confinement and four years of extended supervision.
¶6 At the plea hearing, the trial court questioned whether Count 2 should have been charged as possession with intent to deliver, rather than delivery of a controlled substance. The trial court also noted that Willis had been charged as a party to a crime in Count 2, which it speculated was "because there was another person in the vehicle." Ultimately, after the parties discussed the trial court's questions about the charges and assured the trial court that it could proceed, the trial court accepted Willis's guilty pleas and found him guilty.[2] The trial court subsequently sentenced Willis to two consecutive sentences of thirty months of initial confinement and twenty months of extended supervision.[3]
¶7 Represented by postconviction counsel, Willis filed a postconviction motion seeking to withdraw his guilty plea to Count 2, asserting that confusion over the crime charged and the fact that he was charged as a party to a crime made his plea unintelligent, unknowing, and involuntary.[4] The trial court denied the motion in a written order without a hearing, concluding "that in the end, the defendant did knowingly, intelligently and voluntarily enter his guilty plea to count two and that there was a factual basis for doing so, which he also understood."[5] This appeal follows.
DISCUSSION
¶8 To withdraw a guilty plea after sentencing, a defendant must establish that plea withdrawal is necessary to prevent a manifest injustice. State v. Brown , 2006 WI 100, ¶ 18, 293 Wis. 2d 594, 716 N.W.2d 906. A defendant can show plea withdrawal is necessary to prevent a manifest injustice by establishing that the plea was not knowingly, intelligently, and voluntarily made based on a defect in the plea colloquy (referred to as a Bangert claim) or facts extrinsic to the plea colloquy (referred to as a Nelson/Bentley claim). See State v. Howell , 2007 WI 75, ¶¶ 70, 74, 301 Wis. 2d 350, 734 N.W.2d 48 ; State v. Bentley , 201 Wis. 2d 303, 548 N.W.2d 50 (1996) ; State v. Bangert , 131 Wis. 2d 246, 389 N.W.2d 12 (1986) ; Nelson v. State , 54 Wis. 2d 489, 195 N.W.2d 629 (1972).
¶9 Willis's postconviction motion referenced both Bangert and Bentley , but it seemed primarily concerned with the trial court's plea colloquy with Willis. On appeal, the State asserts that Willis has "not clearly indicate[d] whether he is advancing his claim under the Bangert standard or the Nelson/Bentley standard." (Bolding added.) In response, Willis states:
The confusion arises from the fact that the circumstances in this case are so unusual that Willis's motion has elements of both.
While it may not be that the [trial] court's plea colloquy, per Bangert , was defective, in the strictest of senses, neither can it be said the [trial] court ever managed to elicit a real understanding of Count 2 from Willis. A [trial] court has a duty to establish the defendant's understanding of the nature of the crime. As Willis explains [in his affidavit], he eventually gave up on trying to understand Count 2 and the peculiar manner in which it was charged. He went along with the plea not because he ever understood it, but instead, because, in his own words at one critical juncture in the hearing, the potential sentence appeared to be the same. During one of the several periods that the court had to go off the record to resolve the confusion, Willis was persuaded to just go along with the program even if he could not understand the charge to which he was pleading.
Willis's plea to Count 2 was also rendered involuntary by sources external to the plea hearing. This includes the manner in which the count was charged. It also includes the district attorney's failure to ever offer any explanation for why Count 2 had been charged in that manner. It further includes the remarks that Count 2 had been charged as [party to a crime] because Willis had a passenger in his vehicle, even if that passenger had done nothing to aid and abet Willis. Then there is the fact Willis's counsel encouraged him to go along with the plea, in part because the penalty was the same. These external factors, and others Willis has already argued, suggest his motion ought also to be evaluated per Nelson and Bentley .
(Citation omitted; bolding added.)
¶10 We will analyze Willis's plea withdrawal motion under both the Bangert and Nelson/Bentley standards. However, before doing so, we need to address several paragraphs in Willis's postconviction motion and appellate brief suggesting that he should not have been found guilty of Count 2 because he did not "deliver" the drugs and did not act as a "party to a crime." First, Willis cited WIS. STAT. § 961.01(6), which states in its entirety: " 'Deliver' or 'delivery', unless the context otherwise requires , means the actual, constructive or attempted transfer from one person to another of a controlled substance or controlled substance analog, whether or not there is any agency relationship." (Emphasis added.) Willis's postconviction motion asserted, without any reference to authority, that "[t]he facts of this case do not comprise a context where mere possession can be converted into a delivery or attempted delivery." He did not provide legal argument to support this assertion.
¶11 Second, Willis's postconviction motion asserted that charging Willis as a party to a crime for Count 2 made it more difficult for Willis to understand the offense. The motion continued: "While it is true that one can be convicted under the [party-to-a-crime] statute even if one committed the predicate offense, there needs to be some other party involved, and here there was none." Once again, Willis did not provide additional legal argument or citation to legal authority to support his suggestion that Count 2 should not have been charged as a party to a crime. Willis's motion also did not acknowledge that at the time the officers approached Willis's car, there was another man in the passenger seat.[6]
¶12 "A trial court's failure to establish a factual basis for the defendant's plea is evidence that a manifest injustice has occurred, warranting withdrawal of the plea." State v. West , 214 Wis. 2d 468, 474, 571 N.W.2d 196 (Ct. App. 1997). To the extent Willis's assertions that he did not "deliver" the drugs as defined in WIS. STAT. § 961.01(6) or act as a party to a crime as defined in WIS. STAT. § 939.05 were intended to challenge the factual basis for his conviction, we conclude that his argument was inadequate.[7] This court will not consider inadequate arguments and arguments that lack sufficient references to legal authority. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider inadequately developed arguments). Willis has failed to provide legal analysis and authority to support his assertions that his actions did not fall within the definition of "delivery" and that he could not legally be guilty as a party to a crime. We will not develop arguments for him. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("we will not abandon our neutrality to develop arguments" for the parties).
¶13 We turn now to the issue squarely addressed by Willis's postconviction motion: whether he should be allowed to withdraw his guilty plea to Count 2 because his plea was not knowing, intelligent, and voluntary. A defendant seeking plea withdrawal pursuant to Bangert must identify a defect in the plea colloquy and allege that he or she did not know or understand required information due to the defect. See Brown , 293 Wis. 2d 594, ¶ 39.
If the motion establishes a prima facie violation of WIS. STAT. § 971.08 or other court-mandated duties and makes the requisite allegations, the court must hold a postconviction evidentiary hearing at which the [S]tate is given an opportunity to show by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea colloquy.
Brown , 293 Wis. 2d 594, ¶ 40.
¶14 In this case, Willis's postconviction motion addresses at length the plea hearing discussion about the fact that Willis was charged with delivery of heroin rather than possession with intent to deliver. It also discusses the fact that Willis was charged as a party to a crime even though no one else-including the passenger in the car-was charged with a crime. It is undisputed that there was significant discussion during the plea hearing about the way Count 2 was charged. As part of that discussion, the trial court reiterated numerous times that it took seriously its role of ensuring Willis's understanding of the plea. What Willis's motion failed to do was identify how the trial court failed to fulfill the duties outlined in WIS. STAT. § 971.08 or other court-mandated duties. It did not specifically identify what the trial court failed to explain. The fact that the trial court asked the parties questions and gave Willis time to consult with his trial counsel only underscores the trial court's significant effort to ensure that Willis understood why he was being convicted of delivering heroin as a party to a crime in Count 2.
¶15 We conclude that Willis's motion did not "establish[ ] a prima facie violation of WIS. STAT. § 971.08 or other court-mandated duties." See Brown , 293 Wis. 2d 594, ¶ 40. In his reply brief, Willis appears to acknowledge that the trial court addressed each of the requisite topics with Willis, but he nonetheless complains about how the trial court explained the crimes, stating: "While it may not be that the [trial] court's plea colloquy, per Bangert , was defective, in the strictest of senses, neither can it be said the [trial] court ever managed to elicit a real understanding of Count 2 from Willis." We agree with Willis's acknowledgement that the colloquy was not defective, and we are not persuaded that the trial court failed to establish Willis's understanding of his plea. The trial court asked Willis numerous times whether he understood the nature of the charge-including the fact that "under the statute attempt[ed] delivery is the same as delivery"-and how he could be guilty as a party to a crime even though no one else was charged. Willis continued to reassure the trial court that he understood and wanted to proceed with his plea, as the following exchange illustrates:
THE COURT: ... Mr. Willis, do you have any questions at all about what's happening, at all about what's going on in court this morning?
THE DEFENDANT: Not really.
THE COURT: When you said "not really," does that mean you don't or you're just a little confused?
THE DEFENDANT: I'm not really confused. I mean, I did-I'm pleading to what I'm pleading to, it's just how they charged it was kind of-Like, how they charged party to a crime in the second delivery, I guess they should have charged it different.
THE COURT: And sometimes the State moves to dismiss party to a crime, I think they charged it because there was another person in the vehicle.
THE DEFENDANT: I understand everything. I understand everything, I'm okay.
THE COURT: Because my job is to make sure you understand everything and you don't walk out the door and say what did I just do.
THE DEFENDANT: I understand. I talked to my lawyer about everything. I understand, I just think they worded it wrong or charged it kind of off.
THE COURT: With the information they had at the time, it was appropriate to charge it as party to a crime, they didn't know what the other person was doing.
THE DEFENDANT: I understand.
THE COURT: That person could have been your driver, you did the other delivery, that person could be giving you the heroin to deliver, they don't know what the facts are and that's why they charged it. You're saying that person had nothing to do with that, they don't know that when they find two people in a vehicle with heroin about to be delivered.
THE DEFENDANT: I understand it, everything's good.
THE COURT: As I said, it's my job to make sure you understand everything. If you need any more time to talk to [trial counsel] you just let me know and we'll take a break and you can talk to him further. Because at the end of the plea colloquy, if I accept your pleas, I have to be comfortable that you're not confused in any way, you understand exactly what you're doing and are making a knowing and intelligent and voluntary plea, that's my job.
Any time you want to talk to [trial counsel] if something comes up and you're not sure about it and you want to talk to your lawyer, let me know and I'll stop and you can talk to [trial counsel] some more, okay?
THE DEFENDANT: Yes, ma'am.
Thereafter, Willis entered guilty pleas to both Count 1 and Count 2. He did not express any concern about entering his guilty pleas or ask to again consult privately with this attorney. The transcript does not support Willis's Bangert claim, and he was not entitled to a hearing or relief on his Bangert claim. See Brown , 293 Wis. 2d 594, ¶ 40.
¶16 Willis's postconviction motion also referenced Nelson/Bentley . A motion seeking plea withdrawal under Nelson/Bentley must allege that factors outside the plea colloquy rendered the plea invalid. Howell , 301 Wis. 2d 350, ¶ 74. "[A] defendant must 'allege [ ] facts which, if true, would entitle the defendant to relief.' " Id. , ¶ 75 (brackets in original; citation omitted). Howell continued:
"[I]f the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusionary allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing." A defendant's Nelson/Bentley motion must meet a higher standard for pleading than a Bangert motion. If the defendant's motion and the record fail to meet these requirements, a [trial] court in its discretion may grant or deny an evidentiary hearing.
Howell , 301 Wis. 2d 350, ¶ 75 (footnotes and citation omitted). On appeal, courts review independently "whether a defendant's motion to withdraw a guilty plea 'on its face alleges facts which would entitle the defendant to relief,' and whether the record conclusively demonstrates that the defendant is entitled to no relief." Id. , ¶ 78 (citation and footnote omitted).
¶17 Applying those standards here, we conclude that Willis was not entitled to an evidentiary hearing because he did not allege sufficient facts to entitle him to relief. Willis's motion referenced Nelson/Bentley , but offered only brief discussion of that claim, stating:
Part of the problem is that there were reasons that could be considered extrinsic to the plea hearing that contributed to defective plea, such as the fact there was an inadequate factual basis for the plea, or that defendant was encouraged not to worry about actually understanding the charge to which he was pleading because, after all, his incarceration exposure was no greater than it would have been had he been charged in some hypothetical different fashions. See Nelson , [54 Wis. 2d] at 483; Bentley , [201 Wis. 2d] at 307.
(Bolding added.) The affidavit from Willis that was attached to the postconviction motion provided some additional information but was still inadequate. For instance, the affidavit stated: "There was a time during the plea hearing when there was a break and my attorney convinced me that I should just go forward with the plea and say that I understood what was going on because either way the punishment would be the same." The affidavit also asserted: "I just went along with the plea on Count 2 because even though I didn't understand what was really going on, my attorney convinced me to follow through with the game plan."
¶18 We are not convinced that Willis's motion satisfied the pleading standard required for a Nelson/Bentley claim: adequately "alleg[ing] the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." See State v. Allen , 2004 WI 106, ¶ 23, 274 Wis. 2d 568, 682 N.W.2d 433. Willis has not provided details concerning his understanding of the charge and what his trial counsel told him, and he has not alleged that trial counsel's performance was constitutionally deficient. He also has not adequately explained what he would have done differently if he had better understood the charges. Finally, we note that Willis's affidavit suggests he falsely told the trial court many times that he understood the charge so that he could "follow through with the game plan." Willis offers no legal authority for the proposition that a defendant should be allowed to falsely assure the trial court that he understands a charge, wait and see what sentence is imposed, and then seek relief from his conviction on grounds that he actually did not understand the charge. Indeed, our supreme court has recognized that when a plea colloquy is sufficient, a defendant seeking to withdraw his plea should be able to demonstrate why a court should "disregard the solemn answers the defendant gave in the colloquy." See State v. Jenkins , 2007 WI 96, ¶ 62, 303 Wis. 2d 157, 736 N.W.2d 24 (considering a defendant's motion to withdraw his plea prior to sentencing).
¶19 As for the allegation that there was an inadequate basis for the plea, we have already concluded that Willis's postconviction motion did not adequately allege that he was entitled to withdraw his plea on grounds there was an insufficient factual basis for the plea-an issue separate from whether Willis's plea was knowing, intelligent, and voluntary. See West , 214 Wis. 2d at 474-75.
¶20 For the foregoing reasons, we conclude that Willis was not entitled to an evidentiary hearing or relief based on either Bangert or Nelson/Bentley . Therefore, we affirm the order denying his motion for postconviction relief.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The Honorable Clare L. Fiorenza presided over the guilty plea hearing.

The Honorable Daniel L. Konkol sentenced Willis after the case was transferred due to judicial rotation.

The motion also sought resentencing or sentence modification. Willis's appeal does not challenge the denial of that request so we will not discuss it.

The Honorable David C. Swanson denied Willis's postconviction motion.

At sentencing, the State informed the trial court that the man seated in the front seat of Willis's car was out on bail on drug charges at the time Willis was arrested in the parking lot.

It is not clear if Willis intended to seek to withdraw his guilty plea to Count 2 on grounds that there was an insufficient factual basis for it. While his appellate brief continues to suggest that Count 2 should have been charged differently, it also explicitly states: "In the end, it can be said that technically speaking, the court established a factual basis for the charge."