STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony J. RANDLE, Defendant-Appellant.†

Court of Appeals

*No. 01–1448–CR. Submitted on briefs February 5, 2002.—
Decided March 5, 2002.*

2002 WI App 116

(Also reported in 647 N.W.2d 324.)

† Petition to review denied 6-11-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul G. Bonneson*, Wauwatosa.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *James M. Freimuth*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J. Anthony J. Randle appeals from a judgment entered after he pled no contest to one count of false imprisonment and one count of third-degree sexual assault, contrary to Wis. Stat. §§ 940.30

and 940.225(3) (1997–98).[2] He also appeals from a postconviction order denying his motion to vacate the judgment and withdraw his plea. Randle claims: (1) the trial court erred in ruling that he waived his right to challenge territorial jurisdiction over the third-degree sexual assault charge; (2) the trial court erred when it determined that territorial jurisdiction over the third-degree sexual assault charge existed; (3) he received ineffective assistance of trial counsel; and (4) the trial court erred in summarily denying his ineffective assistance claim. Because Randle waived his right to challenge territorial jurisdiction, because territorial jurisdiction was established, and because Randle failed to prove that he received ineffective assistance of trial counsel, we affirm.

## I. BACKGROUND

¶ 2. On June 6, 1997, Randle's estranged wife, Sonya, was in her car at 6th and Locust Streets in the City of Milwaukee. Randle was walking along Locust Street. When he saw Sonya, he asked her for a ride and she agreed. Randle, however, became agitated, reached over to put the car in park, and pulled the keys out of the ignition. Sonya got out of the car and ran, but Randle grabbed her and pushed her back into the car. Randle then drove around. When Sonya attempted to jump out of the car, Randle grabbed her shirt, put her in a headlock, and punched her in the head multiple times. When she tried to get away again, Randle choked her.

¶ 3. Ultimately, Randle drove to Waukegan, Illinois, and stopped near a lake. He ordered Sonya to take off her clothes and walk into the lake. She complied

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

because Randle said he would beat her if she did not do as she was told. Randle then told Sonya to put her clothes back on and the two returned to the car. Randle again ordered Sonya to take off her clothes and he had penis-to-vagina intercourse with her. Eventually, he drove back to Milwaukee and let her go.

¶ 4. On June 10, 1997, the State filed a complaint against Randle charging him with kidnapping and second-degree sexual assault. Randle filed a motion to dismiss the sexual assault charge based on insufficiency and lack of jurisdiction. He argued that the constituent elements of sexual assault did not occur in Milwaukee and, therefore, the court lacked jurisdiction over the case. The trial court denied the motion.

¶ 5. On September 23, 1997, Randle entered a no-contest plea after entering into a plea agreement with the State. Randle agreed to plead to the reduced charges of false imprisonment and third-degree sexual assault. The agreement reduced his total exposure in prison from sixty years to seven years. During the plea colloquy, the trial court asked about the jurisdictional issue. Randle indicated that by entering the plea, he understood that he was waiving all jurisdictional issues. The trial court accepted the plea. Randle was sentenced to two years on the false imprisonment count and three years, consecutive, on the sexual assault count.

¶ 6. After some additional proceedings not relevant to this appeal, Randle filed a postconviction motion seeking to vacate the judgment and withdraw his plea. He argued that the trial court lacked territorial jurisdiction over the third-degree sexual assault and that his trial counsel provided ineffective assistance for failing to raise this issue. The trial court denied the postconviction motion. Randle now appeals.

## II. DISCUSSION

*A. Waiver of Territorial Jurisdiction.*

¶ 7. The first question in this case involves whether or not Randle waived his right to challenge territorial jurisdiction in this appeal. Randle asserts that territorial jurisdiction cannot be waived. The State contends that under certain circumstances territorial jurisdiction can be waived. We agree with the State.

¶ 8. A judgment is valid if the court has jurisdiction over the subject matter of the action, and the party against whom judgment is rendered has submitted to the court's jurisdiction, or adequate notice has been given the party, and the court has territorial jurisdiction. *See Wis. Pub. Serv. Corp. v. Krist*, 104 Wis. 2d 381, 389, 311 N.W.2d 624 (1981). Territorial jurisdiction, however, has not received much attention in the case law of this state. In particular, the courts have not addressed whether territorial jurisdiction may be waived.

¶ 9. The issue arises in this case because Randle did not commit his crimes solely in Wisconsin. Rather, some parts of the crimes occurred in Illinois. As a result, Randle argues that the trial court lacked "territorial" jurisdiction under WIS. STAT. § 939.03(1) to accept his no-contest plea to the charge of third-degree sexual assault.[3] Section 939.03(1) states: "A person is subject to prosecution and punishment under the law of this state if: (a) The person commits a crime, any of the constituent elements of which takes place in this state."

---

[3] Randle does not challenge jurisdiction related to the false imprisonment charge.

¶ 10. Although, at the trial court level, the parties disputed whether WIS. STAT. § 939.03(1) applied to territorial jurisdiction, on appeal they both agree that the statute applies to both personal and territorial jurisdiction. We agree. Although previous cases have held that § 939.03 relates to personal jurisdiction and not subject matter jurisdiction, *State v. Smith*, 131 Wis. 2d 220, 240, 388 N.W.2d 601 (1986) and *State v. West*, 214 Wis. 2d 468, 482–83, 571 N.W.2d 196 (Ct. App. 1997), no cases have analyzed whether § 939.03 also relates to territorial jurisdiction.

¶ 11. The interpretation and application of statutes present legal issues, which we review independently. *State v. Murdock*, 2000 WI App 170, ¶ 18, 238 Wis. 2d 301, 617 N.W.2d 175. Our review attempts to ascertain and give effect to the intent of the legislature. *Id.*

¶ 12. We conclude that WIS. STAT. § 939.03 does relate to territorial jurisdiction. First, the language of the statute reflects a jurisdictional concern with *location*—either the location of criminal acts within Wisconsin, or the location of the consequences of criminal acts within Wisconsin. Second, even a cursory examination of the legislative history of this statute reveals that the statute was intended to address the territorial jurisdiction of Wisconsin circuit courts over criminal charges. Section 939.03 was enacted as a part of the general revision of the criminal code. Laws of 1955, ch. 696, § 1. The language of this statute is essentially the same as the proposal contained in 1953 Assembly Bill 100 and 1951 Senate Bill 784. *See* William A. Platz, *The Criminal Code*, 1956 WIS. L. REV. 350, 350–59. The comment to the assembly bill specifically

states: "This section defines the scope of the state's territorial jurisdiction over crime." The comment to the senate bill similarly states: "This section deals with the problem of territorial jurisdiction of the state over persons committing crime." Thus, it is clear that § 939.03 was enacted to address territorial jurisdiction.

¶ 13. The remaining question is whether or not territorial jurisdiction may be waived by the defendant. This is a question of first impression in this state. *Cf. State v. Inglin*, 224 Wis. 2d 764, 777 n.8, 592 N.W.2d 666 (Ct. App. 1999) (whether territorial jurisdiction may be waived was not dispositive to the case and therefore was not resolved).

■

¶ 14. In this case, we need not decide whether a defendant may waive territorial jurisdiction altogether—that is, when an issue arises as to whether the charging document charges a crime that is committed wholly outside the territorial jurisdiction of Wisconsin. We do resolve, however, whether a defendant may waive territorial jurisdiction when territorial jurisdiction exists under the original charge, but becomes questionable because the defendant accepts a plea agreement to a lesser-included charge. Under these circumstances, we conclude that territorial jurisdiction may be waived.[4]

¶ 15. The complaint charged Randle with second-degree sexual assault, which includes as a constituent

---

[4] Territorial jurisdiction is part of the due process restrictions on the power of a court to exercise its jurisdiction over a given individual, and is therefore an incident of personal jurisdiction that can be waived. *See Insurance Corp. of Ireland, Ltd. v. Compagnie*, 456 U.S. 694, 701–03 (1982); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980).

element, "by use or threat of force or violence." Wis. Stat. § 940.225(2)(a). Here, consistent with Wis. Stat. § 939.03(1), the trial court ruled that because the use-of-force element occurred in Wisconsin, territorial jurisdiction existed even though the sexual intercourse occurred in Illinois. When Randle accepted the plea agreement, which reduced the original second-degree sexual assault to third-degree sexual assault, the use-of-force element was no longer a constituent element. Third-degree sexual assault involves "sexual inter-course with a person without the consent of that person." Wis. Stat. § 940.225(3).

¶ 16. During the plea colloquy, the trial court specifically addressed Randle about the jurisdiction issue. Randle indicated that he understood he was waiving his right to raise all jurisdictional issues. More-over, as aptly stated by the trial court:

> To reach the conclusion that Randle did *not* give up his right to challenge the court's jurisdiction under section 939.03 after entering a guilty or no contest plea would severely impinge upon the rights of the parties to enter into plea negotiations and impede the administration of the court system. The State would be unable to reduce the charges when an unwilling victim was involved. The defendant could never be permitted to enter a plea of guilt to a lesser charge in such a case. The result is absurd.

Thus, under the circumstances presented in this case, we are compelled to agree with the trial court that by entering his no-contest plea in this case, Randle waived his right to challenge jurisdiction under Wis. Stat. § 939.03.

752

## B. Territorial Jurisdiction.

¶ 17. Next, Randle contends that the trial court erred when it concluded that territorial jurisdiction existed over the third-degree sexual assault charge. Although we have concluded that Randle waived this issue, we address the merits for the benefit of the courts that will be faced to address the issue in future cases. We reject his contention.

¶ 18. Whether a court has jurisdiction presents an issue of law, which we review *de novo*. *State v. Webster*, 196 Wis. 2d 308, 316, 538 N.W.2d 810 (Ct. App. 1995). "It is elementary that a court may act only upon crimes committed within the territorial jurisdiction of the sovereignty seeking to try the offense." *Hotzel v. Simmons*, 258 Wis. 234, 240, 45 N.W.2d 683 (1951). Without jurisdiction, criminal proceedings "are a nullity." *Id.* at 241.

¶ 19. As noted above, Randle was originally charged with second-degree sexual assault, which included the threat or use of force as a constituent element. The trial court ruled that because the force occurred in Wisconsin, territorial jurisdiction existed. Randle contends that because the charge was changed to third-degree sexual assault, which does not include the use of force as a constituent element, the trial court lost territorial jurisdiction. We disagree.

¶ 20. The reduced crime of third-degree sexual assault, to which Randle ultimately pled no contest, is a lesser-included offense of the original charge of second-degree sexual assault. When the trial court validly acquired territorial jurisdiction over the charged crime, it could not thereafter "lose" jurisdiction over the lesser-included crime. Territorial jurisdiction was established

753

here because the factual allegations sufficiently demonstrated a connection between Randle's acts in Wisconsin and a constituent element of the charged crime. That fact does not change because a defendant enters into a plea agreement or a jury convicts on a lesser-included offense. Like criminal subject matter jurisdiction, once territorial jurisdiction attaches, it will continue until a final disposition of the case. *See Webster*, 196 Wis. 2d at 317.

■

¶ 21. Thus, we conclude that because territorial jurisdiction attached to the original charge of second-degree sexual assault, the trial court necessarily retained jurisdiction over all lesser-included offenses of the original charge, including third-degree sexual assault.

*C. Ineffective Assistance of Counsel.*

¶ 22. Finally, Randle argues both that his trial counsel provided ineffective assistance by failing to raise the territorial jurisdiction issue, and that the trial court erred by denying his ineffective assistance claim without conducting an evidentiary hearing. We reject both contentions.

■

¶ 23. The United States Supreme Court set out the two-part test for ineffective assistance of counsel under the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of *Strickland* requires that the defendant show that counsel's performance was deficient. *Id.*, 466 U.S. at 687. This demonstration must be accomplished against the "strong presumption that counsel acted reasonably within professional norms." *State v. Johnson*, 153 Wis. 2d 121,

127, 449 N.W.2d 845 (1990). The second *Strickland* prong requires that the defendant show that counsel's errors were serious enough to render the resulting conviction unreliable. *Strickland*, 466 U.S. at 687. In reviewing the trial court's decision, we accept its findings of fact, its " 'underlying findings of what happened,' " unless they are clearly erroneous, while reviewing "the ultimate determination of whether counsel's performance was deficient and prejudicial" *de novo. Johnson*, 153 Wis. 2d at 127–28.

¶ 24. We cannot conclude that Randle's counsel provided ineffective assistance because we have already concluded that territorial jurisdiction existed. Therefore, failure to raise this issue could not have been prejudicial. Accordingly, because Randle did not prove ineffective assistance, the trial court did not err for deciding that an evidentiary hearing was not required.

*By the Court.*—Judgment and order affirmed.

¶ 25. FINE, J. (*concurring*). I agree with the Majority that, as explained in Part II.A. of the Majority opinion, Anthony J. Randle waived his right to challenge the territorial jurisdiction of the trial court over the charge to which he ultimately pled no contest and which is central to this appeal, third-degree sexual assault. Thus, I do not believe that we have to consider the related though different issue discussed in Part II.B. of the Majority opinion.

¶ 26. I also disassociate myself from the Majority's apparent agreement with the trial court's comments quoted in paragraph 16 of the Majority opinion. The facts here are horrendous and fully support the original charges of: second-degree sexual assault under Wis. Stat. § 940.225(2)(a)—Randle raped

his wife by both "use" *and* "threat of force or violence"; and kidnapping under Wɪs. Sᴛᴀᴛ. § 940.31(1)(a) or (b). He fully deserved to face the full penalty the legislature provided: a maximum penalty of thirty years' imprisonment, plus a $10,000 fine for the second-degree sexual assault, and an additional sixty years' imprisonment for the kidnapping. *See* Wɪs. Sᴛᴀᴛ. § 939.50.

¶ 27. But the case was plea-bargained: Randle was allowed to plead *no contest* to third-degree sexual assault, which, as material here, is defined by Wɪs. Sᴛᴀᴛ. § 940.225(3) as "sexual intercourse with a person without the consent of that person," and "false imprisonment" under Wɪs. Sᴛᴀᴛ. § 940.30. Oh my: beatings, manhandling, forced abduction, humiliation, and force-induced rape all bargained away to grease the skids of what the trial court called the "administration of justice." To me at least, and, I would bet to Randle's abused wife and others who have been and will be in her place of terror, what happened here is the administration of *in*justice. For Randle to challenge the incredible break he received at the hands of the Milwaukee County district attorney's office and the trial court is nothing less than *chutzpah*.

¶ 28. I respectfully concur.