# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP516-CR**

Cir. Ct. No. **2016CF1830**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

RICKY TYROME JOHNSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Following a bench trial, Ricky Johnson was convicted of one count each of misdemeanor battery, sexual intercourse with a

child aged sixteen or older, and third-degree sexual assault as party to the crime. Johnson now appeals his judgment of conviction, arguing that the evidence at trial was insufficient to support his conviction on the third-degree sexual assault count. We reject his argument and affirm.

## BACKGROUND

¶2      An Information charged Johnson with the counts listed above, as well as with an additional count of second-degree sexual assault by use of force, contrary to WIS. STAT. § 940.225(2)(a) (2017-18).[1]  The charges stemmed from allegations made by then seventeen-year-old Tina[2] concerning an incident that occurred in September 2014.  Johnson waived his right to a trial by jury, and the matter proceeded to a bench trial in November 2017.

¶3      At trial, Tina testified that on the evening of September 26, 2014, she left her home after having an argument with her mother and walked to a store. While she was walking back home, a car with four men inside pulled up next to her and asked if she wanted a ride.  Tina knew one of the four men and agreed to get in the car because she felt "safe going with them."

¶4      After Tina got into the car, the men drove her to an apartment.  Upon entering the apartment, Tina saw an "older guy"—whom she identified at trial as

---

[1] The only two counts at issue in this appeal are the second- and third-degree sexual assault counts.  Following the parties' lead, we refer to these counts, respectively, as "Count 1" and "Count 3."

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86, we refer to the victim using a pseudonym.

2

Johnson—in the living room. One of the four men from the car then "took [Tina] into the bathroom" and sexually assaulted her. The other three men from the car subsequently came into the bathroom and, in turn, sexually assaulted Tina.

¶5    After the four men sexually assaulted her, Tina stated Johnson entered the bathroom and "ordered" her to take a bath. When she did not respond to this order, Johnson slapped her twice. Tina then complied, and Johnson remained in the bathroom while she bathed. When Tina finished, Johnson ordered her to perform fellatio on him. Against her will, Tina did so.

¶6    Tina acknowledged on direct examination that although she immediately reported the majority of the above-described events to police, she did not initially report that Johnson forced her to perform nonconsensual fellatio on him. She explained that she did not report that conduct because it was "extra humiliating," given the significant age gap between her and Johnson.[3]

¶7    Johnson testified in his own defense. He admitted to being in the apartment on the night in question when Tina and four men entered. He stated, however, that he never left the living room and was unaware of any activity that may have taken place in the bathroom. He stated he did not know when the four men left the apartment, but that he eventually realized they were gone because Tina came into the living room and asked him "where did they all go." According to Johnson, after he told her he did not know the answer, she left the apartment.

¶8    In its closing argument, the State argued that, as to Count 3, "the crime itself requires the State to prove that the defendant and or another, had

---

[3] In September 2014, Johnson was forty-six years old.

sexual intercourse with [Tina]." The State explained the evidence supported a conviction on this count because Johnson had aided and abetted one of the four men's sexual assault of Tina.

¶9 The circuit court found Johnson not guilty of the second-degree sexual assault count (Count 1) and guilty of the remaining counts. When pronouncing its verdicts, the court explained that it "disagree[d]" with the State's argument that Johnson aided and abetted one of the men's sexual assault of Tina because it found Johnson to be a mere bystander to that assault. Nonetheless, the court found Johnson guilty on Count 3 because "party to a crime includes directly committing the offense and the Court does have, does find more than sufficient evidence … that [Johnson] directly committed the third[-]degree sexual assault" by forcing Tina to perform nonconsensual fellatio on him. Johnson now appeals.

## DISCUSSION

¶10 On appeal, Johnson argues that there was insufficient evidence to convict him on Count 3. The question of whether the evidence was sufficient to sustain a verdict of guilt in a criminal prosecution is a question of law, subject to our de novo review. *State v. Smith*, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. When conducting such a review, we consider the evidence in the light most favorable to the State and will reverse the conviction only where the evidence "is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *Id.* Therefore, we will uphold the conviction if there is any reasonable hypothesis that supports it. *Id.*

¶11 Although Johnson frames his appellate argument as a challenge to the sufficiency of the evidence on Count 3, he does not dispute that the evidence at

trial supported the circuit court's determination that Tina performed nonconsensual fellatio on him.[4] Nor does he dispute that, generally, a defendant charged under a party-to-a-crime theory of liability may be convicted if evidence shows that he or she directly committed the crime. *See State v. Hecht*, 116 Wis. 2d 605, 619, 342 N.W.2d 721 (1984) (holding there are "three alternative ways for which the defendant could be found liable for the commission of [an] offense under the party to a crime theory:  By direct commission, by aiding and abetting, or by conspiracy").

¶12     Instead, Johnson argues that, in this particular case, the "State was barred from charging Johnson with directly having committed a Third[-]Degree Sexual Assault in [Count 3] because [Count 3] would then be a lesser included offense of" Count 1.[5] He reasons that the State only alleged that he committed one sexual act with Tina (i.e., nonconsensual fellatio).  Therefore, he maintains that if evidence of that single act were to be considered to support both Count 1 and Count 3, then Count 3 "is multiplicitous" and violated his "constitutional right against double jeopardy."

¶13    We reject Johnson's argument.    Both the state and federal constitutions protect against the imposition of multiple punishments for the same offense.  *State v. Ziegler*, 2012 WI 73, ¶59, 342 Wis. 2d 256, 816 N.W.2d 238.  "When a defendant is charged in more than one count for a single offense, the

---

[4] To be convicted of third-degree sexual assault, a defendant must have had "sexual intercourse" with a person who did not consent.  *See* WIS. STAT. § 940.225(3).  The definition of sexual intercourse under this statute includes fellatio.  Sec. 940.225(5)(c).

[5] We observe that third-degree sexual assault is a lesser-included offense of second-degree sexual assault by use of force.  *See State v. Randle*, 2002 WI App 116, ¶¶19-20, 252 Wis. 2d 743, 647 N.W.2d 324.

counts are deemed impermissibly multiplicitous." *Id.* Offenses are the same, for double jeopardy purposes, when they are identical in law and in fact. *See id.*, ¶60.

¶14 However, "[m]ultiplicity (and therefore double jeopardy) is implicated only to the extent of preventing a court from imposing a greater penalty than the legislature intended." *State v. Derango*, 2000 WI 89, ¶28, 236 Wis. 2d 721, 613 N.W.2d 833. As such, any double jeopardy claim Johnson may have had related to Counts 1 and 3 was rendered moot when the court acquitted him on Count 1. *See State v. Parr*, 182 Wis. 2d 349, 362-63, 513 N.W.2d 647 (Ct. App. 1994) (holding that a defendant's acquittal on one of two charges claimed to be multiplicitous rendered his double jeopardy claim moot). Because Johnson fails to develop any other reasoned argument as to why we should reverse his conviction on Count 3, we affirm.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.