MCCLAIN v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MCCLAIN v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MCCLAIN v. STATE
2021 OK CR 38
Case Number: F-2020-420
Decided: 11/18/2021
JEFFREY DON McCLAIN, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2021 OK CR 38, __ __

 

 

O P I N I O N 

LUMPKIN, JUDGE:[1]

¶1 Appellant Jeffrey Don McClain was tried by jury and convicted of Rape by Instrumentation (21 O.S.Supp.2015, § 1111.1) (Count I); Lewd Acts with a Child Under 16 (21 O.S.Supp.2018, § 1123(A)(4)) (Counts II and IV); and Pattern of Criminal Offenses (21 O.S.2011, § 425) (Count III) in the District Court of McClain County, Case No. CF-2019-69. As punishment, the jury recommended imprisonment for ten (10) years in Count I, seven (7) years in Count II, three (3) years in Count IV, and no term of imprisonment for Count III. The trial court sentenced accordingly, ordering the sentences to run consecutively. It is from this judgment and sentence that Appellant appeals.

¶2 After the filing of the appellate briefs and submission of the case to this Court, Appellant filed a motion arguing for the first time that the District Court of McClain County lacked jurisdiction to try him because he is a registered member of the Choctaw Nation and his crime occurred in McClain County which falls within the boundaries of the Chickasaw Reservation.

¶3 Pursuant to McGirt v. Oklahoma, 140 S.Ct. 2452 (2020), Appellant's claim raised two separate questions: (a) his Indian status, and (b) whether the crime occurred in Indian Country. These issues require fact-finding. We therefore remanded this case to the District Court of McClain County for an evidentiary hearing to be held within sixty (60) days from the date of the Order.

¶4 Recognizing the historical and specialized nature of this remand for evidentiary hearing, we requested the Attorney General and District Attorney work in coordination to effect uniformity and completeness in the hearing process. Upon Appellant's presentation of prima facie evidence as to his legal status as an Indian and as to the location of the crime in Indian Country, the burden shifts to the State to prove it has subject matter jurisdiction. The District Court was ordered to determine whether Appellant had some Indian blood and was recognized as Indian by a tribe or the federal government,[2] and whether the crime occurred in Indian Country. The District Court was directed to follow the analysis set out in McGirt to determine: (1) whether Congress established a reservation for the Chickasaw Nation; and (2) if so, whether Congress specifically erased those boundaries and disestablished the reservation. In so doing, the District Court was directed to consider any evidence the parties provided, including but not limited to treaties, statutes, maps, and/or testimony.

¶5 We also directed the District Court that, in the event the parties agreed as to what the evidence would show with regard to the questions presented, the parties may enter into a written stipulation setting forth those facts upon which they agree and which answer the questions presented and provide the stipulation to the District Court. The District Court was also ordered to file written findings of fact and conclusions of law with this Court.

¶6 An Order filed by the Honorable Charles N. Gray, Associate District Judge, stated that an evidentiary hearing had been held pursuant to this Court's remand order. The District Court's Order states in part that all counsel appeared as well as Appellant. The order states that the District Court was presented with proposed Findings of Fact and Conclusions of Law by both parties and an amended agreed stipulation. The Court accepted the amended agreed stipulation and adopted Appellant's Proposed Findings of Fact and Conclusions of Law.

¶7 Attached to the Court's Order are copies of the Proposed Findings of Fact and Conclusions of Law from both parties. Appellant's Proposed Findings, which the Court adopted, states in part: 1) Appellant initially received his CDIB card establishing his enrollment in the Choctaw Nation as early as 1990 (Appellant was born in 1989); 2) his information was updated with his father's Creek tribal heritage and Appellant received his current CDIB card in 1991; 3) a United States Department of the Interior Bureau of Indian Affairs Certificate of Degree of Indian Blood Card issued November 1, 1991, shows that Appellant is of 5/32 degree of Indian blood of the Choctaw/Creek Tribes; 4) a Choctaw Nation membership card issued September 6, 2013, shows Appellant is a registered member of the Choctaw Nation; 5) both Appellant and his mother testified at the hearing that Appellant has been a member of the Choctaw Nation since he was an infant, that his membership had never been revoked, and that he is a member of the tribe to the present day; 6) the Choctaw Nation of Oklahoma is a federally recognized Indian Tribe; 7) the crime for which Appellant was convicted occurred on or around November 14 to November 25, 2018; and 8) upon intake with the Oklahoma Department of Corrections, Appellant identified himself as "white"; however, at the hearing Appellant held himself out as an Indian, and he testified that he identifies as Indian, although from his appearance alone, others may identify him as "white."

¶8 Based upon the foregoing, the Court found that Appellant has "some Indian blood," and that Appellant was a member of the Choctaw Nation at the time of the crimes for which he was convicted.

¶9 Regarding the issue of Indian Country, the Proposed Findings of Fact state in part: 1) the court accepts the parties stipulation that the locations of the charged crimes falls within the boundaries of the Chickasaw Nation set forth in the Treaty of Dancing Rabbit Creek in 1830;[3] and 2) that in Bosse v. State, 2021 OK CR 3, 484 P.3d 286, (opinion subsequently withdrawn, Bosse v. State, 2021 OK CR 23, 495 P.3d 669) this Court determined that McGirt applied to the Chickasaw Nation Reservation because the Chickasaw Nation Reservation had not been disestablished, and the State of Oklahoma had no jurisdiction to prosecute an Indian for an offense occurring with that reservation's boundaries.

¶10 The Proposed Findings concluded that the crimes in this case occurred within the historical boundaries of the Chickasaw Nation Reservation and that Congress has never disestablished or erased the boundaries of the Chickasaw Nation Reservation.

¶11 In a supplemental brief after remand, the State asserts that it takes no position as to the existence of a Chickasaw Reservation, but argues even if the existence of the Chickasaw Reservation is assumed, the State has concurrent jurisdiction with the federal government to prosecute Appellant. The State further argues that should this Court find Appellant is entitled to relief, this Court should stay any order reversing the conviction for thirty (30) days to allow the United States Attorney's Office for the Eastern District of Oklahoma to secure custody of Appellant. Cf. 22 O.S. 2011, § 846.

¶12 Appellant has not filed a supplemental brief after remand.

¶13 After thorough consideration of the arguments and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find that under the law and the evidence relief is warranted. Under the record before us, we find the District Court did not abuse its discretion and its findings are supported by the evidence presented at the evidentiary hearing. See State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194. We find Appellant has met his burden of showing that he is of 5/32 degree of Indian blood of the Choctaw/Creek Tribes and recognized tribal member of the Choctaw Nation of Oklahoma. We further find Appellant has met his burden of showing that the crime occurred within the boundaries of the Chickasaw Nation and that no evidence has been presented that Congress has ever explicitly erased those boundaries and disestablished the Chickasaw reservation.

¶14 Further, this Court addressed and rejected an argument concerning concurrent jurisdiction between the state and federal governments in Roth v. State, 2021 OK CR 27, ___ P.3d ___. The State's argument in the present case is similar and we find it is not persuasive.

¶15 Therefore, we hold that for purposes of federal criminal law, the land upon which the parties agree Appellant committed these crimes is within the Chickasaw Reservation and is thus Indian Country. We find that pursuant to McGirt, the State of Oklahoma did not have jurisdiction to prosecute Appellant in this matter.[4] The Judgments and Sentences in this case are hereby reversed and the case remanded to the District Court of McClain County with instructions to dismiss the case.[5]

 

DECISION

 

¶16 The JUDGMENTS and SENTENCES are REVERSED AND REMANDED with instructions to Dismiss. The MANDATE is not to be issued until twenty (20) days from the delivery and filing of this decision.[6]

 

AN APPEAL FROM THE DISTRICT COURT OF McCLAIN COUNTY
THE HONORABLE CHARLES N. GRAY,
ASSOCIATE DISTRICT JUDGE

 

 

 
 
 
 APPEARANCES IN DISTRICT COURT 

 ELTON JENKINS
 OKLA. INDIGENT DEFENSE
 115 SOUTH PETERS, STE. 6
 NORMAN, OK 73069
 COUNSEL FOR DEFENDANT

 NICOLLETTE BRANDT
 ARIEL PARRY
 OKLA. INDIGENT DEFENSE
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR DEFENDANT

 GREG MASHBURN
 DISTRICT ATTORNEY
 LESLEY MARCH
 ASST. DISTRICT ATTORNEY
 121 N. 2ND, RM. 212
 PURCELL, OK 73080

 JOHN O'CONNER
 ATTORNEY GENERAL OF
 OKLAHOMA
 JULIE PITTMAN
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE

 JACOB KEYES
 COUNSEL FOR THE CHOCTAW
 NATION
 DURANT, OK
 
 
 APPEARANCES ON APPEAL

 NICOLLETTE BRANDT
 ARIEL PARRY
 OKLA. INDIGENT DEFENSE
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 JOHN M. O'CONNER
 ATTORNEY GENERAL
 OF OKLAHOMA
 JULIE PITTMAN
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

 

 

OPINION BY: LUMPKIN, J. 
ROWLAND, P.J..: Specially Concur
HUDSON, V.P.J.: Specially Concur
LEWIS, J.: Concur in Results

FOOTNOTES

[1] As stated in my separate writing in Sizemore v. State, 2021 OK CR 6, 485 P.3d 867 (Lumpkin, J., concurring in result), I am bound by my oath and adherence to the Federal-State relationship under the U.S. Constitution to apply the edict of the majority opinion in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). However, I continue to share the position of Chief Justice Roberts' dissent in McGirt, that at the time of Oklahoma Statehood in 1907, all parties accepted the fact that Indian reservations in the state had been disestablished and no longer existed.

[2] See Goforth v. State, 1982 OK CR 48, ¶ 6, 644 P.2d 114, 116. See also United States v. Diaz, 679 F.3d 1183, 1187 (10th Cir. 2012); United States v. Prentiss, 273 F.3d 1277, 1280-81 (10th Cir. 2001).

[3] Footnote 1 of the Proposed Findings of Fact, states that the parties signed an Amended Agreed Stipulation which stipulated that the location of the crimes for which Appellant was convicted occurred in Pauls Valley, located in Garvin County, Oklahoma and Purcell, located in McClain County, Oklahoma, both of which fall within the boundaries of the Chickasaw Nation.

[4] While Art. 7 of the Oklahoma Constitution vests the district courts of Oklahoma with "unlimited original jurisdiction of all justiciable matters," the federal government has pre-empted the field as it relates to major crimes committed by or against Indians in Indian country.

[5] This resolution renders the other four (4) propositions of error raised in Appellant's brief moot.

[6] By withholding the issuance of the mandate for 20 days, the State's request for time to determine further prosecution is rendered moot.

 

 

ROWLAND, PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 I concur fully with the majority's analysis and outcome. I write separately to clarify my belief that the Major Crimes Act does not implicate the subject matter jurisdiction of Oklahoma's state courts. Rather, it is an act of Congress which, when properly raised and proved, preempts state territorial jurisdiction in certain cases.

¶2 "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (quoting United States v. Morton, 467 U.S. 822, 828 (1984). Our cases recognize three components to jurisdiction: "(1) jurisdiction over the subject matter--the subject matter in this connection was the criminal offense of murder, (2) jurisdiction over the person, and (3) the authority under law to pronounce the particular judgment and sentence herein rendered." Petition of Dare, 1962 OK CR 35, ¶ 5, 370 P.2d 846, 850--51. The subject matter jurisdiction of Oklahoma courts is established by Article 7 of the Oklahoma Constitution and Title 20 of our statutes, which grant general criminal jurisdiction to our district trial courts. Basic rules of federalism dictate that Congress has no power to expand or diminish that jurisdiction except where Congress has created a federal cause of action and allowed state courts to assume jurisdiction. See Simard v. Resolution Trust Corp., 639 A.2d 540, 545 (D.C. 1994) (noting presumption of concurrent jurisdiction among federal and state courts is rebutted only by a "clear expression by Congress vesting federal courts with exclusive jurisdiction"). Were it otherwise, Congress could legislatively interfere with the authority of state courts to hear any and all types of state crimes or civil causes of action.

¶3 What Congress can do and has done is exercise its own territorial jurisdiction over Indians in Indian Country by virtue of its plenary power to regulate affairs with Indian tribes. "Congress possesses plenary power over Indian affairs, including the power to modify or eliminate tribal rights." South Dakota v. Yankton Sioux Tribe, 522 U.S. 329, 343 (1998). Federal criminal authority over so-called "federal enclaves" is found at 18 U.S.C. § 7, which begins with the words, "The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes . . ." (emphasis added). The Indian Country Crimes Act, 18 U.S.C. § 1152, with exceptions, "extends the general criminal laws of federal maritime and enclave jurisdiction to Indian country . . . ." Negonsott v. Samuels, 507 U.S. 99, 102 (1993). Thus, a plain reading of Negonsott in tandem with Section 7 makes clear that it is territorial jurisdiction, not subject matter jurisdiction, which is extended into Indian Country by these federal criminal statutes and which preempts corresponding state authority in such instances. See also United States v. Smith, 925 F.3d 410, 415-16 (9th Cir.), cert. denied, 140 S.Ct. 407 (2019) (finding Indian Country is a federal enclave for purposes of 18 U.S.C. § 7). In United States v. Langford, 641 F.3d 1195, 1197 n.1 (10th Cir. 2011), the Tenth Circuit stated explicitly that the federal jurisdiction under these statutes is not subject matter jurisdiction:

When we speak of jurisdiction, we mean sovereign authority, not subject matter jurisdiction. Cf. [United States v.] Prentiss, 256 F.3d [971,] 982 (disclaiming the application of subject matter jurisdiction analysis to cases involving an inquiry under the ICCA). This is consistent with use of the term in United States v. McBratney, 104 U.S. 621, 623--4, 26 L.Ed. 869 (1881).

(Emphasis added).

¶4 This is an important distinction, because the lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any point in the litigation. Conversely, territorial jurisdiction is subject to waiver. See Application of Poston, 1955 OK CR 39, ¶ 35, 281 P.2d 776, 785 (request for relief on ground that district court did not have territorial jurisdiction was denied; claim was deemed waived because it was not raised below). See also State v. Randle, 2002 WI App 116, ¶ 14, 252 Wis. 2d 743, 751, 647 N.W.2d 324, 329 (concluding territorial jurisdiction subject to waiver in some instances); Porter v. Commonwealth, 276 Va. 203, 229, 661 S.E.2d 415, 427 (2008) (territorial jurisdiction is waived if not properly and timely raised); In re Teagan K.-O., 335 Conn. 745, 765 n. 22, 242 A.3d 59, 73 n. 22 (2020) (territorial jurisdiction may be subject to waiver). But see State v. Dudley, 364 S.C. 578, 582, 614 S.E.2d 623, 625-26 (2005) ("Although territorial jurisdiction is not a component of subject matter jurisdiction, we hold that it is a fundamental issue that may be raised by a party or by a court at any point in the proceeding. The exercise of extraterritorial jurisdiction implicates the state's sovereignty, a question so elemental that we hold it cannot be waived by conduct or by consent." (citation and footnote omitted)).

¶5 Characterizing Sections 1152 and 1153 as implicating subject matter jurisdiction, as many courts have, allows a defendant, knowing he is Indian and that his crimes fall within the Major Crimes Act, to forum shop by rolling the dice at a state trial and then wiping that slate clean by asserting his Indian status if he receives an unsatisfactory verdict in state court. Viewing it as territorial jurisdiction avoids this absurdity and allows the possibility that procedural bars, laches, etc. might preclude some McGirt claims.[1] It also better explains our holding in State ex rel. Matloff v. Wallace, 2021 OK CR 21, __ P.3d __, that McGirt claims which likely would have been viable at the time of trial, had they been raised, may no longer be pursued in post-conviction proceedings.

FOOTNOTES

[1] The McGirt opinion tacitly acknowledges potential procedural bars, noting the State of Oklahoma had "put aside whatever procedural defenses it might have." McGirt, 140 S.Ct. at 2460. Those defenses would not be relevant if subject matter jurisdiction, which is non-waivable, were concerned.

 

 

HUDSON, VICE PRESIDING JUDGE: SPECIALLY CONCURS

¶1 Today's decision dismisses convictions for rape by instrumentation, lewd acts with a child under 16 and pattern of criminal offenses from the District Court of McClain County based on the Supreme Court's decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). This decision is unquestionably correct as a matter of stare decisis. The record shows Appellant had some Indian blood and was recognized as an Indian by a tribe and/or the federal government at the time of the crimes. The record further shows the crimes in this case took place within the historic boundaries of the Chickasaw Reservation. Under McGirt, the State has no jurisdiction to prosecute Appellant for the crimes in this case. Instead, Appellant must be prosecuted in federal court where the exclusive jurisdiction for these crimes lies. See Roth v. State, 2021 OK CR 27, __P.3d__. I therefore as a matter of stare decisis fully concur in today's decision.

¶2 Further, I maintain my previously expressed views on the significance of McGirt, its far-reaching impact on the criminal justice system in Oklahoma and the need for a practical solution by Congress. See, e.g., State v. Lawhorn, 2021 OK CR 37, __P.3d__ (Hudson, V.P.J., Specially Concurs); Sizemore v. State, 2021 OK CR 6, 485 P.3d 867 (Hudson, J., Concur in Results).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed
 2021 OK CR 3, 484 P.3d 286, WITHDRAWN
Cited
 2021 OK CR 6, 485 P.3d 867, SIZEMORE v. STATE
Discussed at Length
 2021 OK CR 21, 497 P.3d 686, STATE ex rel. MATLOFF v. WALLACE
Cited
 2021 OK CR 23, 495 P.3d 669, BOSSE v. STATE
Cited
 2021 OK CR 27, ROTH v. STATE
Discussed
 2021 OK CR 37, STATE v. LAWHORN
Cited
 1955 OK CR 39, 281 P.2d 776, APPLICATION OF POSTON
Discussed
 1962 OK CR 35, 370 P.2d 846, IN RE DARE
Discussed
 1982 OK CR 48, 644 P.2d 114, GOFORTH v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 425, Pattern of Criminal Offenses - Definition - Penalties - Jurisdiction and Venue
Cited
 21 O.S. 1111.1, Rape by Instrumentation - Consent - Sentencing
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 846, Procedure Where Another County Has Exclusive Jurisdiction
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA